## ROUNTREE v. SMITH.

Judgement cannot be rendered against a sheriff for an escape, unless
the verdict expressly find that the escape was by his consent or
through his negligence : or that the prisoner might have been re-
taken, and the sheriff and his officers neglected to make immediate
pursuit.

JUDGE WHITE delivered the opinion of the Court.

THIS was an action on the case in the Circuit Court of
Lauderdale county, by Smith against Rountree, late she-
riff of that county, for an escape. . A trial being had on
the general issue, the jury found the said issue in favor of
the said plaintiff, and assess his damages by reason thereof
to $130. On this verdict the Circuit Court rendered
judgement for the plaintiff, and Rountree has thereupon
brought his writ of error.

The only matter relied on as error is, that the verdict
is illegal and void, and no judgement ought to have been
rendered thereon for the plaintiff.

JANUARY 1827.    By the first section of the act of 1812, [a] it is provided,
"That no judgement shall be entered against any sheriff
or other officer, upon any suit brought upon the escape
of any debtor in his or their custody, unless the jury who
shall try the issue in the cause, expressly find that such
debtor or prisoner did escape with the consent or through
the negligence of such sheriff or other officer or officers;
or that such prisoner might have been retaken, and the
sheriff and his officers neglected to make immediate pur-
suit."

Rountree
v
Smith.

a Laws Ala. 721.

This language is too plain to be misapprehended.   The
declaration here charged the defendant with having per-
mitted the escape of a prisoner in his custody, by virtue
of an execution at the suit of the plaintiff; in other words
with a voluntary escape; but the jury who tried the cause
did not find expressly that the debtor escaped with the
consent of the sheriff.   It is true, from the state of the
issue, by finding for the plaintiff in the action, they found
the defendant guilty of a voluntary escape as charged in
the declaration.   But the words of the statute are impe-
rative, and can be complied with only by an express find-
ing in the nature of a special verdict.   The judgement en-
tered on the verdict was contrary to the clear prohibition
of the statute.   It must be reversed and the cause must
be remanded.

JUDGE GAYLE dissenting.

M'KINLEY and HOPKINS, for plaintiff.

COALTER, for defendant in error.